(No. 26764.—)

JAMES O. WEST, Appellee, *vs.* LEROY LEPAGE *et al.,* ·Appellants.

*Opinion filed November 17, 1942.*

C. G. HIRSCHI, and A. FRED KENDALL, for appellants.

FRED RANEY MILLER, and ELMER A. TAYLOR, for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

This appeal involves the correctness of a decree of the circuit court of Iroquois county setting aside certain deeds, and for the partition of the real estate therein described. Appellee, who filed the complaint, is a brother of Clinton Grant West, deceased, who, it is alleged, during a time of mental incompetence, executed, with his wife Della, deeds to his property, a farm in Iroquois county, to one Lila Wilson, who, on the same day, quitclaimed and reconveyed the property to West and Della West, his wife, as joint tenants. This took place on September 5, 1935, at which time, it is alleged, West was of unsound mind and so ill that he died on October 31 following. The charge is that Della West obtained the execution of the deeds knowing that her husband was incompetent and would live but a short time, and for the purpose of securing for herself the whole of the property instead of her statutory

interest. Complaint also is made that the execution of the deeds was brought about by her through the exercise of undue influence and duress.

Della West died April 1, 1937, leaving three brothers, one sister, and a niece, named as defendants, her legal heirs. The complaint sets out the interests of the parties based on the position that Della West took, on the death of her husband, but a statutory one-half interest in the property, there being no children, and that her heirs on her death succeeded to that one-half interest, and the balance of the interest in the property belongs to the heirs of Clinton Grant West. The prayer of the bill was to set aside these deeds and partition the property. The complaint was taken as confessed against the heirs of Clinton Grant West who also were named as defendants. Other defendants filed an answer denying undue influence and incompetence of West at the time the deeds were executed.

A hearing was had in open court before the chancellor. He made no finding on the issue of undue influence but found the fact to be that at the time of the execution of the deed, on September 5, 1935, West was incompetent, and decreed the relief sought by the bill. It is conceded by counsel on both sides of this lawsuit that the one question involved is whether the decree of the circuit court and the finding of the chancellor are contrary to the manifest weight of the evidence.

The rule has many times been announced by this court that when a chancellor has heard the testimony in open court and so sees and hears the witnesses, this court will not reverse his findings of fact unless they are palpably against the weight of the evidence. *Hadley* v. *White,* 367 Ill. 406, and cases there cited.

The facts, about which there was no dispute, are that West died as the result of a long illness caused by uremic poison, diabetes and heart ailment. He was advanced in years, was senile part of the time and was frequently for-

getful of those matters which one in his full mental capacity would scarcely forget. His wife, Della, was the dominant personality in their business and home life. None of the circumstances surrounding the execution and acknowledgment of the deed are shown. Numerous witnesses testified as to his mental competency. Without analyzing their testimony in this opinion, it is sufficient to say that we have read and considered it, and that while more witnesses testified for the defendants than for the plaintiff, undisputed testimony showing that Della West had prior to the making of the deed referred to West as losing his mind, together with the testimony of neighbors giving opinions, based on conversations and business transactions with him, that he was not right mentally, together with the statement of one Dr. Herdien, who, so far as the record shows, was a disinterested witness and who testified that in his opinion West was incompetent to transact business, leads us to the conclusion that the chancellor was correct in his finding as to the incompetency of West at the time the deed was made.

As no finding was made on undue influence, and as counsel on both sides agree that the issue depends upon the mental competency of West, it is unnecessary to consider the issue of undue influence. ·

The answer of the defendants charged *laches* but that point appears to have been abandoned. No finding was made by the chancellor on that issue and no argument on the point is made here.

Appellants argue that the appellee's evidence is entitled to little weight because many of his witnesses did not state the opportunities they had for observing the deceased. They cite *Johnson* v. *Lane,* 369 Ill. 135, wherein this court held that where an examination of the testimony of opinion witnesses indicates they did not have an opportunity for observing the deceased, or testified to no such opportunity, their opinions are of little weight as evi-

dence. It may be observed that in this case such criticism applies quite equally to appellants' evidence. Lapse of time has evidently, as to all the witnesses in this case, taken its toll of accuracy. From the entire record we are convinced that the finding of the chancellor was not contrary to the manifest weight of the evidence.

The decree is right and is affirmed.

*Decree affirmed.*