**Donald L. Scott, Appellee, v. Nina Ashcraft and Harold Ashcraft, Appellants.**

**Gen. No. 9,714.**

Opinion filed November 2, 1950. Released for publication November 28, 1950.

ROSENBERG & ROSENBERG, of Decatur, for appellants.

WALDEN, WALDEN & WILLIAMS, of Decatur, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

The circuit court of Macon county decided a habeas corpus proceeding in favor of Donald L. Scott, petitioner and plaintiff, and against Nina and Harold Ashcraft, the respondents and defendants. The Ashcrafts have appealed.

Plaintiff Scott is the father of two minor children, Edward Lee Scott, 14 years of age, and Garry Keith Scott, 12 years of age. Nina Ashcraft, one of the defendants, is the maternal grandmother of the children and is 77 years of age. Harold Ashcraft, a son of Nina Ashcraft and an uncle of the children, was a nominal defendant in the case.

The mother of the two boys died in 1938 and since her death they have resided with their grandmother, Nina Ashcraft, in Decatur. The father contributed money for the support of the boys. The exact amount of these contributions are, however, in dispute. It is quite clear that the father paid less than the cost of maintaining the children, and payments were not made with regularity.

It was stipulated between the parties to this suit that (1) the father and petitioner, Scott, had lived for a period of approximately eight years out of wedlock with a woman who was not his wife (this is the language of the stipulation), and that the woman is now dead, having died on February 9, 1949; (2) the good character and repute of Nina Ashcraft, the grandmother, was not in issue in this case, and that she is a woman of good moral repute and character.

The evidence further discloses that petitioner Scott was married at the time of the filing of this suit and he was residing with his wife and her 14-year-old son by a previous marriage. The petitioner's present wife testified at the hearing that she was fond of the boys, that she was willing to care for them as a mother and that she would treat them and her own child alike. The boys know Mrs. Scott and expressed no ill-will toward her. Both of the boys testified that they preferred to remain with their grandmother as she had treated them very well and had been like a mother to them.

The defendant Nina Ashcraft said that she lived in the same location for 46 years, that she had 12 children, seven of whom are still living, and that she was 77 years of age at the time of the hearing. She receives old age assistance of $40 per month in addition to the help she receives from her children. There was no testimony as to what aid she did receive from the children. Shortly after the death of her daughter the boys came to live with her and she had them with her ever since. The defendant, Nina Ashcraft, claims that Scott assured her that he would never take the children from her as long as she lived. She further claimed that the father failed to give the boys a Christmas present in 1948 and 1949, and that he remembered only some of their birthdays. Through the years there had been a friendly relationship between Scott and Mrs. Ashcraft in that he frequently visited at her home and enjoyed meals there and that she assisted him by doing his laundry on occasions.

The plaintiff Scott claims to have been buying about 90 per cent of the clothes for the children while they have been with Mrs. Ashcraft; and when his present wife noticed that the teeth of the children were in need of attention he provided dental care. He is employed by a cartage company and lives in a six-room,

all modern house in a nice neighborhood in Chillicothe, and his income is about $240 per month.

After taking his children to the dentist for their last appointment on February 6, 1950, Scott planned on keeping the boys with him in Chillicothe. That evening they attended a basketball game with their stepbrother and the next morning they were enrolled in school. Two days later some one called at the school for them and they returned to their grandmother's home in Decatur.

In this appeal the appellants ask a reversal of the decision of the trial court on the theory that the father is unfit to have the children for having lived out of wedlock with another woman, that he had abandoned the children and that it was to the best interests of the children that their custody be awarded to the grandmother.

 There seems to be very little dispute between the parties as to the law in this case. They arrive at different conclusions, however, when they apply their interpretations of the facts to these rules. Legal precedent in this State has always recognized the inherent right of a father to the custody of his motherless children and will even presume the father to be capable of caring for them until the contrary is clearly established. *People ex rel. Yarmulnick v. Hoff*, 323 Ill. App. 535. However, these rights of the father to the custody of such children are certainly not absolute, but are subject to being lost as a result of his misconduct, if the same might cause him to be unfit for such duties or if he has been found to have abandoned the children. *People v. Weeks*, 228 Ill. App. 262; *People ex rel. Yarmulnick v. Hoff, supra; Wohlford v. Burckhardt*, 141 Ill. App. 321; *People v. Nelson*, 235 Ill. App. 410. It follows then that if this appellant has abandoned his children, or if he is now an unfit person he should be denied the custody of the children.

If he has not abandoned his children and the evidence does not show him to be an unfit person as of the time of the hearing, then the only thing to be considered by the court is the best interests of the children involved. The best interests of the children is the primary consideration even to the extent of supplanting the right of a parent to the custody of a child or children. *People v. Wingate,* 376 Ill. 244.

When the trial court announced his decision he made a statement for the record which covers nine pages of the abstract. This statement is full and complete and clearly shows that the court had a full appreciation of the very intricate problems of the case. It is evident that he realized that in spite of his personal desires, it was not his duty or privilege to award honors to deserving people or punish others for unwise past conduct. The trial judge took the facts as they then existed to determine in his mind what was best for the minors involved. The ages of all of the parties interested was obviously an influencing factor. The fact that his decision will result in a heartache to one unentitled to it, is what makes a case of this type a most difficult one to try.

It does not appear that the father had abandoned these children even though some of the evidence could easily be construed as displaying a lack of attention on his part for them. It is obvious that he relied upon the good woman who had made herself available to the boys even after rearing 12 children of her own.

The only evidence of unfitness on the part of the father is that contained in the stipulation of his having lived with a woman out of wedlock for eight years. Such conduct is not condoned. In this case, however, it amounts to past misbehavior, which has since been discontinued. At the time of the hearing he was married to a woman who, according to the proof here, desires to help the children and be a mother

to them. The evidence fails to establish unfitness of the father as of the time of the hearing on the petition.

It is well established that in reviewing a case of this type that this court must keep in mind that the trial judge was aided by his opportunity to view the witnesses as they testified, and his decision should not be disturbed unless the findings are palpably against the weight of the evidence. *West v. LePage,* 381 Ill. 131; *Clark v. Clark,* 398 Ill. 592; *Woolf v. Woolf,* 328 Ill. App. 319. We do not find them to be so in this case. The order of the circuit court of Macon county is correct and is hereby affirmed.

*Affirmed.*